UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN DOE                                                    CASE NO.:

    Counter-Plaintiff(s),

vs.

R.K./Fl MANAGEMENT, INC., a Florida corporation, R.K. ASSOCIATES VII, INC., a Florida corporation, 17070 COLLINS AVENUE SHOPPING CENTER, LTD., a Florida corporation, RAANAN KATZ, an individual, and DANIEL KATZ, an individual,

    Counter-Defendants.

_____/

## COUNTER- COMPLAINT

Counter-Plaintiff(s), JOHN DOE, (hereinafter "DOE" or "Plaintiff") hereby files this claim against Counter-Defendants R.K./Fl MANAGEMENT, INC., a Florida corporation, R.K. ASSOCIATES VII, INC., a Florida corporation, 17070 COLLINS AVENUE SHOPPING CENTER, LTD., a Florida corporation, RAANAN KATZ, an individual, and DANIEL KATZ, an individual (collectively "RKA" or "Defendants") , and state as follows:

### JURISDICTION AND VENUE

1. This is a declaratory judgments action relating to RKA's claims that DOE (i) allegedly engaged in false advertising, in violation of Section 43(a) the Lanham Act, 15 U.S.C. 1125(a), and (ii) published blogs using RKA's trademark, trade name and trade symbol, "RK

Associates" and allegedly caused damage to RKA (a potential violation of Section 43(a) the Lanham Act, 15 U.S.C. 1125(a), relating to the unauthorized use of an unregistered mark).

2.     Jurisdiction is expressly conferred on this Court by 28 U.S.C. §1331, 1338, 2201 and 2202.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because all of the RKA Defendants are located in the Southern District of Florida, and the suit to which this action serves as a counter-complaint was filed in Miami-Dade County and removed to this District Court.

## THE PARTIES

4.     Plaintiff, DOE, is an anonymous citizen journalist, publisher of a regular blog, and who reported on RKA.

5.     Upon information and belief, Defendant, R.K./FL Management, Inc., is a Florida Corporation with its principal place of business located in Miami-Dade County, Florida.

6.     Upon information and belief, Defendant, R.K. Associates VII, Inc. d/b/a R.K. Associates is a Florida Corporation with its principal place of business located in Miami-Dade County, Florida.

7.     Upon information and belief, Defendant, 17070 Collins Avenue Shopping Center, Ltd. d/b/a R.K. Associates, is a Florida Limited Partnership with its principal place of business located in Miami-Dade County, Florida.

8.     Upon information and belief, Defendant, Raanan Katz, is an individual and the director and president of R.K./Fl Management, Inc., and R.K. Associates VII, Inc. and the registered agent for 17070 Collins Avenue Shopping Center, Ltd. Upon information and belief,

2

Raanan Katz directs, actively participates in, controls, and benefits from the business of the RKA companies. Upon information and belief, Raanan Katz directed, actively participated in, controlled and benefitted from the conduct of the RKA companies as alleged in this action. In addition, Raanan Katz's conduct was in furtherance of the RKA companies' goals, inured to the benefit of the RKA companies, and was within the course and scope of Raanan Katz's employment or agency relationship with the RKA companies.

9. Upon information and belief, Defendant, Daniel Katz, is an individual and the director and vice president of R.K./Fl Management, Inc., and R.K. Associates VII, Inc. Upon information and belief, Daniel Katz directs, actively participates in, controls, and benefits from the business of the RKA companies. Upon information and belief, Daniel Katz directed, actively participated in, controlled and benefitted from the conduct of the RKA companies as alleged in this action. In addition, Daniel Katz's conduct was in furtherance of the RKA companies' goals, inured to the benefit of the RKA companies, and was within the course and scope of Daniel Katz's employment or agency relationship with the RKA companies.

## FACTS RELATIVE TO ALL COUNTS

10. DOE is an anonymous citizen journalist critically reporting what he[1] considers to be abusive litigation tactics and prior criminal convictions by a well know public person Raanan Katz and Katz' companies, the RKA Plaintiffs. RKA sued DOE in Florida State court over DOE's blog.

11. A copy of DOE's blog is attached as Exhibit A.

---

[1] The pronoun "he" is used for convenience purposes only and does admit or deny the gender of Doe.

12. Under the First Amendment of the U.S. Constitution, DOE has a right to maintain his anonymous status. See <u>McIntyre v. Ohio Elections Comm'n</u>, 514 U.S. 334, 357, 342 (1995); <u>Doe v. Reed</u>, 130 S.Ct. 2811, 2832 (2010)(J. Scalia, concur).

13. Large real estate developers, such as RKA, have a major influence on public events, and thus their business actions are a matter of public concern. Litigation in the courts is a matter of public concern. The content of DOE's reporting is First Amendment protected speech, which it would be even if DOE's reporting was not on matters of public concern. However, as it reports information about previously public lawsuits and activities of RKA (a large developer), and provides opinion and commentary about those lawsuits and activities, it is subject to a heightened degree of First Amendment protection.

14. On June 9, 2011, RKA filed a Florida State case against DOE alleging, (i) defamation; (ii) libel; (iii) false advertising violations under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); and (iv) purported violations of Section 43(a) the Lanham Act, 15 U.S.C. 1125(a), relating to the unauthorized use of an unregistered mark, trade name, and trade symbol, "RK Associates." (see Florida State Complaint, Exh. B).

## COUNT I - DECLARATORY JUDGMENT FALSE ADVERTISING

15. DOE repeats the allegations of the above paragraphs 1-14 as if fully set forth herein.

16. This is an action for declaratory judgment seeking judicial rulings that DOE did not falsely advertise under 15 U.S.C. 1125(a), nor did DOE violate any other portion of the Lanham Act.

17. RKA's Florida Complaint alleges that DOE is engaged in commerce in the United States. Exh. B, para. 11 and 43. Therefore, this Court has subject matter jurisdiction over this counter-claim.

18. DOE's blog is not advertising, in that it is not any idea or concept related to the promotion of a product to the public.

19. DOE's blog does not offer any goods or services for sale to the public, rather it reports on matters of public concern, which includes reporting on the activities of RKA.

20. DOE's blog does not constitute "commercial advertising or promotion" under the Lanham Act nor give rise to a false advertisement claim since it is not commercial speech related to the sale of goods or services.

21. DOE's blog does not constitute "commercial advertising or promotion" under the Lanham Act nor give rise to a false advertisement claim since DOE is not in commercial competition with the RKA Defendants.

22. DOE's blog does not constitute "commercial advertising or promotion" under the Lanham Act nor give rise to a false advertisement claim since it is not for the purpose of influencing consumers to buy DOE's goods or services, of which none exist.

23. DOE's blog does not constitute "commercial advertising or promotion" under the Lanham Act nor give rise to a false advertisement claim since it is not disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

24. DOE's blog contains reporting and opinion about matters of public concern, including previous public litigation and activities involving the RKA Defendants, and therefore is not false.

25. RKA's actions in attempting to stifle First Amendment protected speech by misuse of the Lanham Act make this an exceptional case, under 15 U.S.C. § 1117(a). RKA's abusive use of § 43(a) in order to suppress journalistic speech on matters of public concern is egregious, unwarranted, and sanctionable, and certainly carries DOE's claim over the threshold of the "exceptional case" standard.

## COUNT II - DECLARATORY JUDGMENT - SECTION 43(a) LANHAM ACT

26. DOE repeats the allegations of the above paragraphs 1-25 as if fully set forth herein.

27. This is an action for declaratory judgment that DOE did not violate of Section 43(a) the Lanham Act, 15 U.S.C. 1125(a), relating to the unauthorized use of an unregistered mark, trade name, and trade symbol, namely, "RK Associates."

28. RKA's Florida Complaint alleges that DOE is engaged in commerce in the United States. Exh. B, para. 11 and 43. Therefore, this Court has subject matter jurisdiction over this dispute.

29. In its Florida Complaint, RKA states that it has trademark rights to its trade names. See Exh. B, para. 7, para. 22 (DOE's "published blogs have used without consent from R.K./Fl Management, Inc. its trade symbol: 'RK Associates.'"); and, para. 44 (RKA "suffered damages to the goodwill associated with its trade symbol").

30. DOE's blog is not related to the promotion of a product or service to the public. DOE's blog is a news reporting service.

31. DOE's blog does not offer any goods or services for sale to the public. The blog is not likely to cause confusion or mistake regarding RKA and DOE.

32. DOE's blog does not constitute use of a mark, trade name or trade symbol in commerce under the Lanham Act.

33. DOE's blog contains reports and opinions about previous public litigation and activities involving the RKA Defendants. It is criticism and commentary about RKA, RKA's methods of doing business and RKA's litigation tactics.

34. RKA's actions in attempting to stifle First Amendment protected speech by misuse of the Lanham Act make this an exceptional case, under 15 U.S.C. § 1117(a). RKA's abusive use of § 43(a) in order to suppress journalistic speech on matters of public concern is egregious, unwarranted, and sanctionable, and certainly carries DOE's claim over the threshold of the "exceptional case" standard.

## REQUESTED RELIEF

WHEREFORE, Plaintiff DOE respectfully requests judgment in its favor and against the RKA Defendants for the following relief:

I. A judgment declaring that DOE has not infringed upon any rights the RKA Defendants may have under the Lanham Act with regard to its claims of false advertising or use of a trademark, trade name or trade symbol;

  II. That DOE be awarded its attorneys fees, costs and expenses in this action pursuant to 15 U.S.C. § 1117(a).

  III. That the Court award DOE such other and further relief as the Court may deem just and proper.

**DOE DEMANDS TRIAL BY JURY.**

Dated: July 26, 2011       Respectfully submitted,
.            By: /RobertKain/
              Robert C. Kain, Jr.
              Florida Bar No. 266760
              rkain@complexip.com
              Darren Spielman
              Florida Bar. No. 010868
              dspielman@complexip.com
              Kain & Associates, Attorneys at Law, P.A.
              900 Southeast Third Avenue, Suite 205
              Ft. Lauderdale, Florida 33316-1153
              Telephone: (954) 768-9002
              Facsimile: (954) 768-0158
              Attorneys for Counter-Plaintiff, John Doe

              MARC J. RANDAZZA
              Fl. Bar. No. 625566
              Randazza Legal Group
              187 Calle Magdalena
              Suite Number 114
              Encinitas, California 92024
              Phone: (888) 667-1113
              Fax: (305) 437-7662
              mjr@randazza.com
              Attorneys for Counter-Plaintiff, John Doe